Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000089
22-NOV-2013
08:17 AM

NO. CAAP-10-0000089

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JAN PASION aka LIANE PASION, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(CASE NO. 2P109-02637)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Defendant-Appellant Jan Pasion (Pasion), aka Liane Pasion, appeals from a Notice of Entry of Judgment and/or Order (Judgment) filed on September 22, 2010, in the District Court of the Second Circuit, Wailuku Division[1] (district court). Judgment was entered against Pasion for two counts of Harassment in violation of Hawaii Revised Statutes (HRS) § 711-1106(1)(b) (Supp. 2012).[2]

---

[1] The Honorable Kelsey T. Kawano presided.

[2] HRS § 711-1106(1)(b) provides:

§711-1106 Harassment. (1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:
. . .
(b) Insults, taunts, or challenges another person in a manner likely to provoke an immediate violent response or that would cause the other person to reasonably believe that the actor intends to cause bodily injury to the recipient or another or damage to the property of the recipient or another[.]

On appeal, Pasion contends: (1) it was plain error for the district court not to dismiss the complaint as improperly phrased in the disjunctive; (2) Pasion was deprived of effective assistance of counsel because her trial counsel failed to move for dismissal of the complaint as being improperly phrased in the disjunctive; (3) the district court improperly excluded a defense witness after defense counsel had relied on the court's representation that the witness would be allowed to testify at a later date; and (4) the district court erred in preventing defense counsel from laying a proper foundation to impeach the complaining witness.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Pasion's points of error as follows:

(1) During the trial court proceedings, Pasion did not challenge the disjunctive phrasing of the complaint. Where the appellant alleges a charge is defective for the first time on appeal, an appellate court must "liberally construe the [charge] in favor of validity." State v. Motta, 66 Haw. 89, 93, 657 P.2d 1019, 1021 (1983); see also State v. Wells, 78 Hawai'i 373, 894 P.2d 70 (1995). In such circumstances, a conviction will not be reversed unless the defendant can show "prejudice or that the [complaint] cannot within reason be construed to charge a crime." Motta, 66 Haw. at 91, 657 P.2d at 1020.

Pasion contends that the Motta/Wells post-conviction liberal construction rule does not apply to this case and thus she does not attempt to make the required showing of prejudice under the rule. Moreover, she takes the position that the charge does allege an offense because it is alleged in the language of the statute. Thus, Pasion's conviction cannot be reversed under the Motta/Wells analysis.

2

(2) Pasion contends that her trial counsel's failure to move for dismissal of the complaint for improperly charging in the disjunctive amounts to ineffective assistance of counsel.

To show ineffective assistance of counsel, Pasion bears the burden to prove:

> "1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense. To satisfy this second prong, the defendant needs to show a possible impairment, rather than a probable impairment, of a potentially meritorious defense. A defendant need not prove actual prejudice."

State v. Wakisaka, 102 Hawai'i 504, 514, 78 P.3d 317, 327 (footnote, citations, and internal quotation marks).

Pasion satisfies the first prong of the analysis by asserting the specific omission of failing to move for dismissal based on the improper phrasing of the complaint in the disjunctive. Hawai'i cases have long disapproved of charging in the disjunctive because it fails to sufficiently apprise a defendant of what he or she must meet in defending against the charge. State v. Jendrusch, 58 Haw. 279, 282 n. 4, 567 P.2d 1242, 1245 n. 4 (1977) ("In charging . . . in the disjunctive . . . it left the defendant uncertain as to which of the acts charged was being relied upon[.]"). It has been recognized that a charge should instead be stated in the conjunctive "and" or preferably use "and/or" to describe the charge. See State v. Lemalu, 72 Haw. 130, 134, 809 P.2d 442, 444 (1991); State v. Cabral, 8 Haw. App. 506, 511, 810 P.2d 672, 675-76 (1991) ("the most appropriate method to allege one offense committed in two different ways is to allege in one count that the defendant committed the offense (a) in one way 'and/or' (b) in a second way."); Territory v. Lii, 39 Haw. 574, 579 (Haw. Terr. 1952) ("Where a statute denounces several things as a crime and connects them with the disjunctive 'or', the pleader, in drawing an indictment, should connect them by the conjunctive 'and'.") (citation omitted).

Trial counsel's failure to move for dismissal based on the disjunctive phrasing of the charge resulted in the withdrawal

of a potentially meritorious defense. If a timely motion to dismiss had been raised in the trial court, the charge properly would have been dismissed without prejudice. See Lii, 39 Haw. 574; Jendrusch, 58 Haw. at 282 n.4, 567 P.2d at 1245 n.4; See also State v. Lockey, 129 Hawaiʻi 106, 294 P.3d 1092, No. CAAP-11-0000765, 2013 WL 692094 at *1 (App. Feb. 26, 2013) (SDO); State v. Codiamat, 128 Hawaiʻi 130, 284 P.3d 223, No. CAAP-11-0000540, 2012 WL 3113898 at *1 (App. July 31, 2012) (SDO); State v. Mokiau, 126 Hawaiʻi 473, 272 P.3d 1240, No. CAAP-11-0000141, 2012 WL 603971 at *1 (App. Feb. 24, 2012) (SDO); State v. McCarthy, 124 Hawaiʻi 129, 237 P.3d 1195, No. 29701, 2010 WL 3433722 at *1 (App. Aug. 31, 2010) (mem.).[3]

Because we conclude that Pasion was deprived of effective assistance of counsel during the trial court proceedings, we need not address Pasion's other points of error.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order of the District Court of the Second Circuit, Wailuku Division, filed on September 22, 2010, is vacated and the case is remanded with instructions to dismiss the case without prejudice.

DATED: Honolulu, Hawaiʻi, November 22, 2013.

On the briefs:

Davelynn M. Tengan
for Defendant-Appellant

Renee Ishikawa Delizo
Deputy Prosecuting Attorney
County of Maui
Department of the Prosecuting Attorney
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

---

[3] This court's decision in McCarthy was issued while the trial in this case was ongoing.

4